REQUESTED BY: Senator Jerome Warner Nebraska State Legislature Unicameral, State Capitol Lincoln, Nebraska 68509
Dear Senator Warner:
By a letter dated June 10, 1981, you requested clarification of an earlier opinion issued by this office. That earlier opinion, No. 116 dated May 29, 1981, dealt with certain aspects of LB 412 introduced during the 1981 legislative session, and was in response to your opinion request dated May 26, 1981. Your clarification request is based upon an apparent mutual misunderstanding regarding the placement of certain proposed amendatory language within the text of LB 412. From the explanation contained in your letter of June 10th, we do believe that clarification of our earlier opinion is necessary.
The Nebraska statutes pertaining to the `greenbelt' special tax assessment, Neb.Rev.Stat. §§ 77-1343 to 77-1348
(Reissue 1976), currently provide that certain real estate used for agricultural purposes shall be assessed at its actual value for agricultural use and not at the actual value it would have if applied to other than agricultural use. To qualify for this special assessment, agricultural land must be 1. used exclusively for an agricultural use, and 2. located within an agricultural use zone. LB 412 would amend various sections of these statutes dealing with the special tax treatment of agricultural lands, and, under LB 412, the definition of agricultural use zone would include any land designated `predominantly' for agricultural use by cities or counties under their zoning powers.
In your initial opinion request, you asked whether LB 412 would make it possible for land located within an agricultural use zone to receive the greenbelt special tax assessment even though that land was zoned for a possible commercial or industrial use. Since LB 412 defines agricultural use zone as land designated `predominantly' for agricultural use, and since, under that definition, it appears that a small area of land within an agricultural use zone could possibly be zoned for commercial or industrial development, we answered your question in the affirmative. However, we noted that under the two part test for availability of the greenbelt special assessment, such land permitted a commercial or industrial use could receive special tax treatment only as long as it was farmed or used exclusively for agricultural purposes.
You then asked whether a certain amendment to the text of LB 412 would prevent land zoned for commercial or industrial development but located within an agricultural use zone from receiving the greenbelt special tax assessment. In our earlier opinion, we set forth what we understood to be your proposed amendment in its entirety, and stated that, in instances where land in an agricultural use zone was actually farmed, the language of your proposed amendment would prevent such land from receiving special tax treatment only if that land was subdivided for residential or commercial uses.
From your letter of June 10, 1981, it is our understanding that the amendatory language you wish us to consider should be added to the original LB 412 at page 3, line 7 rather than to page 3, line 7 of the final reading version. This change would amend LB 412 to read as follows:
 (1) Any land which is used exclusively for agricultural use, and which is located within an agricultural use zone, shall be assessed at its actual value for agricultural use and not at the actual value it would have if applied to other than agricultural use if application for such special assessment is made pursuant to sections 77-1343 to 77-1348; Provided, that the special assessment provisions shall not be applicable to that portion of lands zoned for agricultural use if such lands have been subdivided for residential or commercial use or zoned to allow commercial or industrial use.
It is our opinion that the amendment above would prevent land zoned for commercial or industrial use but located in an agricultural use zone from receiving the special tax treatment in question. Accordingly, in instances where land zoned for commercial or industrial use is located in an agricultural use zone, your amendment would prevent that land from receiving the greenbelt tax assessment even though it is used exclusively for agricultural purposes.
Sincerely yours, PAUL L. DOUGLAS Attorney General Dale A. Comer Assistant Attorney General